UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L. H., et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>MILL VALLEY SCHOOL DISTRICT,<br><br>        Defendant. | Case No. 15-cv-05751-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 14 |

Pending before the Court is Defendant's motion to dismiss Plaintiffs' second claim for relief for violation of § 504 of the Rehabilitation Act of 1973. Dkt. No. 14 ("Mot."). Having considered Defendant's motion to dismiss, Plaintiffs' opposition, and all related papers, the Court finds the matter appropriate for decision without oral argument. *See* Civil L.R. 7-1(b). For the reasons articulated below, the Motion is GRANTED IN PART and DENIED IN PART.

**I.   BACKGROUND**

On December 15, 2015, Plaintiff L.H., a minor, by and through his parents Mike and Kelly Huff, (together, "Plaintiffs") filed an action against Defendant Mill Valley School District, asserting three claims: (1) partial appeal of an administrative due process hearing under 20 U.S.C. § 1415 ("IDEA"); (2) violation of § 504 of the Rehabilitation Act of 1973 ("§ 504"); and (3) a request for attorney's fees and costs for prevailing at the due process hearing. Dkt. No. 1. On September 17, 2015, Plaintiffs filed a first amended complaint, adding a claim under Title II of the Americans with Disabilities Act. Dkt. No. 10 ("FAC").

For purposes of this Motion, the Court accepts the following as true: L.H. is a seven-year-old student with Down Syndrome, who has disabilities in the areas of cognitive functioning, self-help skills, academics, occupational therapy, speech, and behavior. *Id.* ¶ 9. From 2011 through

the summer of 2013, L.H. attended preschool at Marindale, an extremely small, structured preschool program designed for students with moderate to severe special needs. *Id.* ¶ 10. At Marindale, L.H.'s individualized education plan ("IEP") provided him with weekly speech, language, and occupational therapy. *Id.* Despite the extremely structured Marindale environment and L.H.'s IEP, L.H. "exhibited intensive behaviors" and failed to progress towards many of his IEP goals. *Id.* ¶¶ 10, 11.

In May and June 2013, L.H.'s IEP team met for his triennial IEP evaluation and his kindergarten transition meeting. *Id* ¶ 12. L.H.'s parents expressed numerous concerns regarding his transition into kindergarten, but their requests went unheeded, and L.H. was placed in a general education kindergarten class at Tam Valley Elementary. *Id.* Also during these meetings, L.H.'s IEP was altered to include reduced speech therapy and no occupational therapy. *Id.* ¶ 13.

Upon his transition to kindergarten, L.H. was "overwhelmed," which resulted in escalated behavior, including "growling, shouting, throwing things into the air, grabbing items, and sometimes hitting kids and aides." *Id.* ¶ 19. When L.H. failed to meet any of his IEP goals, Defendant assigned him two aides beginning in December 2013. *Id.* ¶ 22. However, L.H.'s situation did not improve. L.H.'s aides removed him from class frequently, walking him around in a field or secluding him in an occupational therapy trailer. *Id.* ¶ 26. Predictably, L.H.'s behaviors continued, and he regressed in almost all areas of need. *Id.* ¶ 29.

In response to the aforementioned issues, Plaintiffs requested an administrative due process hearing with the Office of Administrative Hearings. Following an 8-day hearing, the Administrative Law Judge ("ALJ") issued an order finding in part for Plaintiffs and in part for Defendant. *Id.* ¶¶ 52-53. The ALJ held that despite L.H.'s "inordinate removals" from the classroom and Defendant's failure to address his behavior, L.H. benefitted from his academic, social, language, communication, and self-help goals during the 2012-2013 school year. *Id.* ¶ 53. Thereafter, Plaintiffs filed the current action.

## II.   DISCUSSION

In the pending motion, Defendant moves to dismiss Plaintiffs' second claim for relief, which alleges a violation of § 504 of the Rehabilitation Act.

### A. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. On a motion to dismiss, the court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). But, the plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

### B. Section 504 of the Rehabilitation Act

Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). The Ninth Circuit recognizes claims for relief under § 504 itself, *see Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11, 2001), as well as under § 504's implementing regulations, *see Mark H. v. Lemahieu*, 513 F.3d 922, 935 (9th Cir. 2008). However, because § 504 focuses on the *implementation* of a student's IEP whereas § 504's regulations focus on the *design* of a student's IEP, the pleading requirements under each differ significantly. *See M.M. v. Lafayette Sch. Dist.*, No. C 10-04223 SI, 2011 WL 830261, at *9 (N.D. Cal. Mar. 3, 2011) (adopting the rationale in *Wiles v. Dep't of Educ.*, 555 F. Supp. 2d 1143 (D. Haw. 2008)). Accordingly, characterization of Plaintiffs' § 504 claim is determinative of whether they state a claim for relief.

Defendant's Motion assumes that Plaintiffs assert their second claim for relief under

§ 504's implementing regulations. *See* Mot. However, Plaintiffs' allegations are more ambiguous. For example, in the FAC, Plaintiffs allege that "*Section 504* of the Rehabilitation Act of 1973, as amended 29 U.S.C. § 794 ('section 504') *and the regulations promulgated thereunder*, 34 C.F.R. Part 104, prohibits [*sic*] discrimination against persons with disabilities." FAC ¶ 77 (emphasis added). Additionally, in their opposition to Defendant's Motion, Plaintiffs assert that "[i]nstead of relying on implementing regulations, it is also sufficient to state a claim under the general standard for liability [under § 504]." Dkt. No 17 ("Opp'n") at 7. Given this ambiguity, the Court will address both pleading standards to determine whether Plaintiffs state a claim for relief under § 504 itself or § 504's implementing regulations.

### i. Plaintiffs State a Claim for Relief Under § 504

The Ninth Circuit has long recognized a private cause of action under § 504. *See Kling v. County of Los Angeles*, 633 F.2d 876, 878 (9th Cir. Cal. 1980). To bring a claim under § 504, a plaintiff must show "(1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance." *Duvall*, 260 F.3d at 1135; *Wong v. Regents of Univ. of California*, 192 F.3d 807, 816 (9th Cir. 1999), *as amended* (Nov. 19, 1999). A challenge under § 504 "requires something more than an incorrect evaluation, or a substantively faulty individualized education plan, in order for liability to exist." *T. R. v. Humboldt Cty. Office of Educ.*, No. 14-CV-04839-NJV, 2015 WL 4129539, at *5 (N.D. Cal. July 8, 2015) (internal quotations and citations omitted). "To establish a claim for damages under the Rehabilitation Act . . . a plaintiff must prove that the defendant intended to discriminate on the basis of his or her disability, or was deliberately indifferent to the disability." *T.B. ex rel. Brenneise v. San Diego Unified Sch. Dist.*, 806 F.3d 451, 466 (9th Cir. 2015). Deliberate indifference requires that a defendant had knowledge of a substantial likelihood of harm to a federally protected right and failed to act. *Duvall*, 260 F.3d at 1139; *Lovell v. Chandler*, 303 F.3d 1039, 1056 (9th Cir. 2002).

The Court finds that Plaintiffs have pled sufficient non-conclusory facts to plausibly support a § 504 claim at the motion to dismiss stage. Plaintiffs allege, and Defendant does not dispute, the following § 504 elements: (i) L.H. is disabled due to Down Syndrome, FAC ¶¶ 9, 79;

(ii) L.H. qualifies to receive a free and appropriate education from Defendant, *id.* ¶¶ 2, 5; and (iii) Defendant receives federal financial assistance, *id.* ¶¶ 4, 78. Defendant maintains, however, that even if Plaintiffs allege a claim under § 504 itself rather than its implementing regulations, Plaintiffs' § 504 claim fails because Plaintiffs do not allege non-conclusory facts to show that (1) L.H. was denied his free and appropriate education solely by reason of his disability or (2) that Defendant acted with deliberate indifference.[1] Dkt. No. 19 ("Reply") at 3-5. The Court disagrees with Defendant on both points.

The FAC clearly alleges that Defendant denied L.H. access to his education solely due to his Down Syndrome. Plaintiffs contend that L.H. was consistently removed from the classroom and walked around in a field or isolated in an occupational therapy trailer as a direct result of behaviors associated with his disability. FAC ¶¶ 24, 26, 80. According to Plaintiffs, when L.H. was present in the classroom, his teacher often ignored him and failed to include him with his peers. *Id.* ¶ 23. Moreover, Plaintiffs assert that Defendant failed to provide appropriately trained teachers and staff to help L.H. fully access his education in light of his disability. *Id.* ¶ 80. These statements rise beyond mere labels or conclusions and are sufficient at the motion to dismiss stage to plausibly allege that Defendant denied L.H. his free and appropriate education based solely on his Down Syndrome.

Furthermore, the FAC plausibly pleads that Defendant acted with deliberate indifference in denying L.H. his public education. It is undisputed that Defendant was aware of L.H.'s disability and consequent need for an IEP. Indeed, Defendant's representatives participated in L.H.'s IEP team meetings in May and June 2013. *Id.* ¶¶ 12-18. Moreover, Plaintiffs allege that key district administrators such as the school's principal and L.H.'s case manager and Learning Center teacher directed un-credentialed aides to remove L.H. from the classroom and take him to a field, despite

---

[1] Defendant frames § 504's *mens rea* element as requiring that Defendant's educational decisions were made in "bad faith or with gross misjudgment." *See* Reply at 3. However, the Ninth Circuit has consistently held that § 504 requires intent or deliberate indifference. *See, e.g., T.B. ex rel. Brenneise*, 806 F.3d at 466; *Lovell*, 303 F.3d at 1056; *Duvall*, 260 F.3d at 1139. While the Court cannot tell whether Defendant contends the result in this case would differ based on the standard applied, the Court is bound by the Ninth Circuit's holdings and thus applies the deliberate indifference standard.

their knowledge of his disability. *Id.* ¶ 26. According to Plaintiffs, L.H.'s kindergarten teacher acted with similar deliberate indifference when she failed to implement L.H.'s behavior support plan except to tell L.H. and his aides to "get out" of the classroom so as not to disturb other students. *Id*. ¶ 30. These specific, non-conclusory allegations that Defendant acted with deliberate indifference are sufficient to survive a motion to dismiss.

Accordingly, the Court holds that Plaintiffs have adequately pled a violation of § 504 of the Rehabilitation Act. *See S.D. by & through Brown v. Moreland Sch. Dist.*, No. 5:14-CV-00813-LHK, 2014 WL 3772606 (N.D. Cal. July 29, 2014); *E.H. v. Brentwood Union Sch. Dist.*, No. C13-3243 TEH, 2013 WL 5978008 (N.D. Cal. Nov. 4, 2013); *K.S. ex rel. P.S. v. Fremont Unified Sch. Dist.*, No. C06-07218 SI, 2007 WL 915399 (N.D. Cal. Mar. 23, 2007). The Court DENIES Defendant's motion to dismiss Plaintiffs' second claim for relief to the extent that Plaintiffs bring a statutory claim under § 504.

### ii. Plaintiffs Do Not State a Claim for Relief Under § 504's Implementing Regulations

In contrast to a § 504 statutory claim, whether a plaintiff can bring an action to enforce § 504's implementing regulations will depend on whether the regulations asserted "come within the § 504 implied right of action." *Mark H.*, 513 F.3d at 935. In the Ninth Circuit, a plaintiff must allege (1) "precisely which § 504 regulations are at stake" and (2) "in what regard" those regulations were violated. *Id.* at 925; *J.W. ex rel. J.E.W. v. Fresno Unified Sch. Dist.*, 570 F. Supp. 2d 1212, 1227-28 (E.D. Cal. 2008). Notably, while both IDEA and § 504's implementing regulations require free and equal access to public education ("FAPE"), "FAPE" is "defined differently for purposes of section 504 than it is for IDEA." *A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, No. 13-16239, 2016 WL 828095, at *4 (9th Cir. Mar. 3, 2016). Thus, a plaintiff may not obtain damages for denial of FAPE as defined by § 504's implementing regulations "simply by proving that the IDEA FAPE requirements were not met." *Mark H.*, 513 F.3d 922 at 933.

Plaintiffs' second claim for relief specifically invokes § 504's implementing regulations. *See* FAC ¶ 77 ("Section 504 of the Rehabilitation Act of 1973, as amended 29 U.S.C. § 794 ('section 504') *and the regulations promulgated thereunder*, 34 C.F.R. Part 104, prohibits [*sic*]

6

discrimination against persons with disabilities.") (emphasis added).  However, Plaintiffs' FAC is devoid of any allegations that establish "precisely which § 504 regulations are at stake" or "in what regard" those regulations were violated.  *See* FAC; *Mark H.*, 513 F.3d 922 at 925; *J.W. ex rel. J.E.W.*, 570 F. Supp. 2d at 1227-28.  Indeed, the FAC fails to identify any specific § 504 regulations, and in their opposition, Plaintiffs contend that "the FAC does not attempt to plead violation of Section 504 regulations."  Opp'n at 10.

Consequently, the Court GRANTS Defendant's motion to dismiss Plaintiffs' second claim for relief to the extent that Plaintiffs seek to assert a claim under § 504's implementing regulations.

## III. CONCLUSION

The Court DENIES Defendant's Motion to the extent that Plaintiffs' second claim for relief pleads a violation of § 504 itself, and GRANTS the Motion to the extent that Plaintiffs seek to bring a claim under § 504's implementing regulations.  Plaintiffs may file a second amended complaint ("SAC") consistent with this Order within 21 days.  Based on their position in the opposition, the Court presumes that Plaintiffs' SAC will eliminate references to § 504's regulations.  If the SAC continues to reference § 504's regulations, it must include the allegations described in section II.B.ii. of this Order.

The Court sets a case management conference for July 5, 2016.

**IT IS SO ORDERED.**

Dated:  June 7, 2016

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

7