UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| L.H. by and through his parents Mike and Kelly Huff;<br><br>        Plaintiff,<br><br>    v.<br><br>MILL VALLEY UNIFIED SCHOOL DISTRICT,<br><br>        Defendant. | Case No. 3:15-cv-05751-HSG-LB<br><br>**ORDER APPROVING COMPROMISE OF MINOR'S CLAIMS**<br><br>Re: ECF No. 45 |

## INTRODUCTION

The plaintiff L.H., by and through his guardians *ad litem* Mike and Kelly Huff, sued the defendant for an alleged failure to provide a free and appropriate public education in relation to his special education needs as a child with Down Syndrome.[1] The parties have settled their dispute, and L.H. now asks the court to approve the settlement of his claims.[2] The defendant does not

---

[1] Second Amended Compl. – ECF No. 33. Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] The essential terms of that settlement are discussed below; the full terms appear at ECF No. 45 at 2–6.

ORDER — No. 3:15-cv-05751-HSG-LB

oppose the request.[3] For the reasons stated below, the court grants L.H.'s petition and approves the settlement.

## GOVERNING LAW

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "Rule 17(c) provides, in relevant part, that a district court 'must appoint a guardian *ad litem* — or issue another appropriate order — to protect a minor or incompetent person who is unrepresented in an action.'" *Id*. (quoting Fed. R. Civ. P. 17(c)). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Robidoux*, 638 F.3d at 1181 (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).

The Ninth Circuit has also made clear that, in cases involving the settlement of federal claims, district courts should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases," and should "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel — whose interests the district court has no special duty to safeguard." *Robidoux*, 638 F.3d at 1181–82 (citing *Dacanay*, 573 F.2d at 1078).

## ANALYSIS

L.H., through Mike and Kelly Huff as guardians *ad litem*, has agreed to settle his claims.[4] Under the settlement defendant will pay $150,000 to L.H. for attorneys' fees incurred during the

---

[3] *Id*. at 1.

[4] *Id*.

due process hearing and present litigation.[5] Furthermore, the defendant will fund and contract with an inclusion expert, specifically Dr. Paula Gardner from Sacramento State University.[6] Dr. Gardner will conduct an inclusion assessment of L.H, present her findings at an IEP meeting for L.H., and be available for monthly consultation sessions with district staff and/or parents at the request of the district and/or parents for the remainder of the 2016–2017 school year.[7] The contract with Dr. Gardner terminates on June 16, 2017.[8] The contract shall state that the total amount to be paid to Dr. Gardner shall not exceed $12,000.[9] Other than the terms and conditions set forth herein, the district retains full discretion to negotiate and agree to any and all other terms and conditions with Dr. Gardner.[10]

As a result of the due process hearing, L.H. was awarded and has already received (1) a doctorate-level Board Certified Behavior Analyst to conduct a functional behavior assessment of L.H. along with two hours of time paid for by the district for discussion of the findings at an IEP; (2) development and implementation of a behavior support plan, including the cost for the behavior analyst to attend up to two hours of any IEP meeting for L.H. convened to discuss the proposed behavior support plan; (3) 12 hours per month of behavior intervention services by a master's level or doctorate level Board Certified Behavior Analyst from a non-public agency and up to 36 weeks of behavior intervention services as compensatory education for Plaintiff.[11]

After reviewing the papers submitted, the court finds the settlement to be fair and reasonable. The court also finds that the settlement is in L.H.'s best interests. The court accordingly grants plaintiff's petition and approves the settlement.

---

[5] *Id.* at 4.

[6] *Id.* at 3.

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.*

# CONCLUSION

The court grants the petition to approve the settlement. The approved settlement is ordered on the following terms:

1. The court approves the compromise whereby the defendant will fund and contract with an inclusion expert (as set forth above).
2. The court approves the award of attorney's fees of $150,000.

To avoid losing track of the case, and to allow the parties to finalize their settlement and submit their stipulated dismissal, the court sets a case-management conference for February 16, 2017 at 11:00 a.m.

**IT IS SO ORDERED.**

Dated: January 17, 2017

LAUREL BEELER
United States Magistrate Judge